Calling case 13-6574, Dede Stratton v. Portfolio Recovery Association. Argument not to exceed 15 minutes per side. James Hayes Lawson for the appellant. Good morning, Your Honors. I've reserved four minutes for rebuttal. I'd like to begin with the district court's determination that the affirmative allegations in Portfolio Recovery's state court complaint were nothing but mere aspirational requests to the court. These were affirmative allegations made in the substantive body of a complaint. If I'd given Ms. Stratton that advice or any other client the same advice as the district court's ruling, I would be committing gross malpractice. An allegation in a complaint is a substantive statement of fact addressed to and directed at the defendant. The defendant is required to respond, either admit or deny those allegations. And if she fails to deny the allegations, they're deemed admitted as true. And once admitted as true, those allegations become, in effect, judicial admissions that could be used against the defendant for purposes of getting judgment. The allegations that Ms. Stratton owed $2,630.95 with interest at the rate of 8% from the date that the original creditor charged it off was a false representation as the amount owed on the debt. Because it includes a request, an attempt to collect interest for some 13 months during a time which Portfolio Recovery had no legal interest in the debt in which the original creditor had no right to accrue interest on the debt and did not accrue or assess any interest on the debt. The district court concluded that, first of all, there's no question here that the original creditor, which is GE Money Bank, after charging off Ms. Stratton's debt, waived its contractual right to charge interest. The district court concluded that after waiving its contractual right of interest, it was logical that the original creditor could then assess and accrue interest at the legal rate of 8% on the amount of charge off. This is contrary to the plain language of the statute, which provides that if there is a contractual right of interest, then those contractual rights control, and then any statute of interest does not apply and is not applicable. It's a default statute. Yes. The district court and Portfolio Recovery rely on the reliable mechanical case, which says, in the absence of a contractual rate of interest that the statute controls, they have construed the term absence of a contractually agreed-upon rate mean the absence of an application of the agreed-upon contractual rate, as opposed to the absence of agreement that provides for a contractual rate of interest. Reading the facts of the reliable mechanical made clear that there was no agreement between the parties that provided for a contractual rate of interest, and therefore the statute applied. It's not a situation like we have here, in which there is a contractual rate of interest, but for solid, prudent business reasons, the creditor elected not to apply and accrue and assess that interest rate. And the fact that it was important to remember that from the day of charge-off through the day of sale to Portfolio Recovery, that contract between Miss Stratton and GE Money Bank remained in place. It never went away. The debt didn't go away. The contract didn't go away. And as demonstrated by Portfolio Recovery's own documents, which were attached to our amended complaint, which was kind of a summary and an account statement, that showed that the interest at the day of charge-off was still 21.99%. Now, the judge's instruction of 36010 allowing pre-judgment interest to the original creditor after charging off, after waiving its contractual right of interest, is contrary to the purpose of awarding pre-judgment interest under Kentucky law, which is to compensate a creditor for the loss of use of funds. Here, as demonstrated by Portfolio Recovery's documents, Miss Stratton's account was subject to an interest rate of 21.99%. So the principal amount at charge-off, the principal amount that's demanded in the complaint, includes not only money that GE Money Bank was out to loss the use of, but it also includes interest accrued and assessed on her debt, plus most likely other penalty and late fees that are also accrued and assessed on her debt. So in essence, the district court allowed pre-judgment interest on not only a principal amount, not only the loss of the use of GE's money, but also interest upon interest and interest upon fees, which is contrary to the plain purpose of awarding pre-judgment interest under Kentucky law. And it's also kind of sadly ironic to allow GE Money Bank to take advantage of a Kentucky statute on interest in this case, where, as the court is probably well aware, GE Money Bank and other banks that issue credit cards are entitled to federal preemption. Therefore, Kentucky law is not effective and does not control or limit either the interest charged by or the fees charged by GE Money Bank or any other bank that issues a credit card. In essence, they are completely exempt from our usury laws. So it seems a little bit less than fair to allow GE Money Bank, in essence, to come in and take advantage of Kentucky's interest rate law, where it favors them, and then avoid and ignore Kentucky interest rate laws through federal preemption. But I think the cleanest and best way to construe the statute, KRS 36010, is that under the plain language of the statute, there is no right to resort to the legal rate of interest if there's a contractual rate of interest. That's what the plain language of the statute says. And that's, in essence, what reliable and mechanical says, which it relies on, which says, in full absence of a contractually agreed upon rate, the appropriate rate of interest is governed by statute. So in the absence of a contractual rate of interest, the statute controls, and you can resort to the statute. But it is not something that you can do if you have a contractual rate of interest. And further, there was the issue that the district judge construed our complaint in motion as not arguing waiver of statutory right. Now, we believe that there is no, that the GE Money Bank had no right to resort to the legal rate of interest under the statute after charging off the debt and after waiving its contractual right of interest. But the complaint is broad enough to include waiver of all and any interest. I mean, in Portfolio's own documents, the complaint and the complaint itself establishes that from the date that the original creditor charged it off, and 13 months later, when it sold it to Portfolio Recovery, the original creditor accrued and assessed no interest. The amount of charge off, which was around $2,600, was the same amount of the debt when Portfolio acquired the debt. So therefore, the complaint in the documents here are clear that no interest was accrued on the debt. The complaint alleges that no interest was accrued on the debt. That would include waiver of not only just contractual right of interest, but the waiver of any statutory interest. Does the court have any questions? We do not. I'll yield the rest of my time then. Thank you. May it please the court. My name is Joe Tucker, and I have the privilege of representing Portfolio Recovery Associates in this case. And I'll refer to Portfolio Recovery as PRA throughout the oral argument, as I did in the brief. I'd like to address, I guess, start at the beginning of what I believe should be the court's analysis in this case. I think the first question the court needs to ask is, was PRA entitled to request statutory prejudgment interest in its state court complaint? And I think that's really the first threshold question. If the answer to that question is yes, then we don't get into any of the FDCPA analysis, because Portfolio Recovery, PRA, took action it was legally entitled to take. It requested interest, which is lawful under Kentucky law. Now, I want to go through what I think are a couple of issues here that there should not be any dispute. One is, Kentucky statute 360.010 provides that the legal rate of interest is 8%. Your Honor asked if it was a default rate. What it says is, the legal rate of interest is 8% in Kentucky. It also says that courts, that parties may contract for a higher rate of interest. And what happens if they have contracted for a higher rate of interest? Well, that's it. What happens to the 8%? Isn't it gone? It is gone. That is exactly right, Your Honor. And that's what the Brown Court said in the context of post-judgment interest, that if parties contract for a higher rate of interest, that rate of interest controls. And that's absolutely true. And there's a plethora of case law on that point. But here, and this is where the important point is, in the complaint, there were two instances in the complaint. And we're assuming all the allegations in the complaint is true, because this is a motion to dismiss. In paragraph 1 of the complaint, and in paragraph 20 of the complaint, there's a specific allegation that contract interest was waived. And that's a very important point, Your Honor. Because when contract interest was waived, according to the allegations of the complaint, there is no longer a right to charge contract interest after that point. Why is the contract not still in existence? And the party that contracted has determined that it will not enforce the right for which it has contracted. Well, it's a little different than will not enforce. That assumes some choice. And I think that's right, Your Honor. Well, it was a choice. Didn't they choose to save themselves some money by charging it off? Didn't GE make that choice? Well, we don't know exactly why GE made that choice. But they did make, according to the allegations of the complaint, it's not like they had the opportunity to, at some point down the road, choose, well, do we want to choose contract interest, or do we not want to choose statutory prejudgment interest? And is that because they had already made that choice when they entered the contract? Once the contract is entered, it governs? It does govern until the point of waiver would be the argument that I would make, Your Honor. And that would be the argument that Judge Reeves in the lower court accepted. The waiver, as Your Honor is well aware, the intentional relinquishment of a known right. Once that right to charge contract interest has been waived, which is what the allegation in the complaint was, GE no longer had the choice. They no longer had the right to charge contract interest. They waived it. They abandoned it. There was an absence of a contract rate. Now, I understand Your Honor's point, and it makes a lot of sense. There was a contract. How can you choose between contract interest and statutory interest? But the allegation in the complaint was that they waived the right to charge contract interest. So at that point, at the time of waiver, which was prior to the time of sale, they never sold the right to PRA. PRA had no right to choose. PRA only steps into whatever rights GE had. And GE waived that right to charge contract interest. They didn't have it any longer. So there was no contract interest that was available to GE after they waived it. And then, concomitantly, no right to charge contract interest by PRA. So in the- I guess I'm struggling with that, because all that PRA can take is what GE can sell to it. Correct? Absolutely right, Your Honor. So GE sells to it a debt on which GE has a contractual arrangement. That is correct, Your Honor. So the contractual arrangement is what PRA takes up. It's bound by a contract. Yes, ma'am. That's correct. And it's bound by a contract in which it's already been said, I have a contract with you, but I will take no action to collect any further interest on that contract. How, then, can PRA say, all right, I'm taking a contract-bound debt, no matter what that interest rate is? It could have been anything. I take what you can give me. And now I'm going to say, oh, I take this contract debt. It is bound by what GE agreed to. But I'm going to say, all right, I want to undefault it from the statute, and I want to be able to collect statutory interest. I don't understand how it can get out from under the fact that it is still bound by a contract with a rate in it, even if it's bound by the waiver not to enforce that. I understand, Your Honor. And I think that's an excellent question. And I think that's something that the lower court kind of dispensed with pretty quickly based on the new court decision. But I think what we get here is that when you look at the state court action, the state court complaint, it doesn't assert a breach of contract. It asserts, basically, they owe the money. So you can actually collect the money, the underlying debt, by filing action for a count stated unjust enrichment. But let's assume that it goes through. Let's assume it goes through a breach of contract. Let's assume it's a breach of contract. The problem that I'm struggling with is we're at the 12B6 stage. And that contract is not in there. So I'm not sure how you can posit what that contract may allow you to do and may not allow you to do. Isn't that what discovery is for? Isn't that why we shouldn't go forward with discovery? Well, Your Honor, respectfully, I think I would disagree with that at this stage, naturally. But the reason is, is because in the complaint, there was alleged a waiver of contract interest. If that contract right is waived, now a whole contract is waived. Yeah, that's the question. Was the contract waived? Or was the right to pursue the interest on it waived? Well, the allegations of the complaint, which is what we're bound with here, was that, and again, there's two paragraphs in the complaint that discuss this, paragraph number 1 and paragraph 20. And what they say is that the right to charge contract interest was waived. They don't allege, and he does not allege in the complaint, that the contract was waived. And I'll read it to you. The original creditor accrued no interest on the debt, thereby waiving its contractual right to charge interest on the debt. That's in paragraph 1. In paragraph number 20, he says, GE Money Bank waived its contractual right to charge any interest on Ms. Stratton's debt. He does not allege that the- So your point is that the complaint alleges a waiver of the contractual right to charge interest. You're saying that all that means is there was a waiver of the right to charge at the higher than statutory rate. And that doesn't impact the right to charge the statutory rate for prejudgment interest. I would agree with Your Honor on that. And that's what Judge Reeves held in lower court. And that's actually- No, I mean, I'm just asking, is that, in fact, the point you are making? I think it is, Your Honor. I think the mere fact that you have waived the right to charge contract interest doesn't result in an automatic waiver of the right to request statutory interest in a complaint. And actually, there was a court- Why does the language of the statute itself not teach that? Well, Your Honor, the statute itself says the legal rate of interest is 8%. And then it says parties may contract for a higher rate. And that's all it says. It doesn't say that if the higher rate is waived, that you can't go back to the legal rate of interest. And it doesn't say that you can. No, it doesn't. So under your theory, I can have a debt and I can contract for a legal right and then have that for a year. I can contract for a collection percentage. And I can collect for a year at 21.9%. And then I can enter some sort of a waiver for a year. And then I can say, I'm waiving for one year. And then you pick back up at the end of the year and you start collecting the 21.9% again. And under your theory, then you could say, on the year of waiver, I get the 8% under the usury statute. And for the years that we were collecting, I get 21.9%. I'm just struggling with how that makes any sense. It seems to me, once you've entered a contract, you've taken yourself out of that statute. Well, I would agree with you, Your Honor, as long as the contract is valid. And I think once that contract has been waived, once that right under the contract has been waived, I think you can then revert back to the statutory right. So as many times as someone has a deal that alters, you're going to get to fill the gap with your 8% usury rate. Well, I think I would just say. No, it doesn't make sense, Your Honor. And the reason it doesn't make sense is because once you waive that right, you don't get it back. You can't do what Your Honor has just said, which was. Well, it depends on what your waiver is. If I say, I'm going to give you a chance to pay me back because you owe me, and I'm going to suspend my interest and fees for a year because you're promising to me that you're going to pay me back. But if you haven't done that within that time frame and the year finishes, I'm going to start charging you again under this contract because I'm only waiving for a year. So you're the master of that deal. That is, to a certain extent, Your Honor, that is true. GE, Money Bank, was the master of that deal. I guess they would have the right, under your theory then, Your Honor, to waive whatever it chose to waive, which in this case was the right to choose contract interest according to the complaint. And then they could revert back to statutory interest. But let's assume Your Honor is correct. Let's assume that PRA did not have the right to charge statutory interest. Let's assume that Your Honor is correct because obviously Your Honor is struggling with that. And I get it. But let's assume Your Honor is correct. Then we still have to come give rise to an FDCPA violation. Well, that's where my question is. Has any court held such that PRA should have been on notice that this statute prevented it from? No, ma'am. If that is true, and I couldn't find one. I couldn't find such a case. Well, and I've looked. If that is so, then the request for the prejudgment interest in the complaint wouldn't be misleading until after this court were to rule that the statute doesn't permit it. I think that's correct, Your Honor. I think that would be correct. And I think that's where you distinguish between those cases where someone has alleged in a complaint action which is clearly not allowed. For example, the Jonas decision that Judge Keith wrote. Well, easily enough, if the complaint had alleged the right to interest at the contract rate, we wouldn't have any question about whether that was a violation, would we? Well, if they had alleged interest at the contract rate, there are a series of cases that came out with the McDonald decision starting in August, which was actually, I think, about a month after this particular complaint was filed. And the McDonald decision out of Michigan said that you cannot, once that right to contract interest has been waived, you can't retroactively add that back in. So there's a series of cases that hold that once the original creditor has waived the right to contract interest, the debt buyer, the subsequent, the assignee, can't add that back in. So there, I think, we might have a problem. So you'd have a pretty good defense to a 12B6 motion by saying, the plaintiff would be able to say, well, wait a minute. The courts have said you can't do that, so you can't put that in the complaint. But here, what I'm struggling with is nobody has said that that's what the Kentucky statute means, requires. That's exactly right. So I'm struggling with the concept that the Fair Debt Collection Practices Act penalizes someone who uses the legal system to collect a debt that, up until now, or a portion of a debt that, up until now, no one has said there's no entitlement to. And I think that's exactly right, Your Honor. And I think that's a really important point. Because there has to be, what we want to do, in my opinion, just public policy-wise, is we want to encourage use of the judicial process to collect debt. PRA is- Don't you have a problem with that analysis under what the Fair Debt Collection Practices Act makes the standard? The standard for that act is not what, is not a generic outside appellate standard. The standard of review there is, what does the least sophisticated consumer believe upon the receipt of your document? That is correct. That's what we ask. So if you send a least sophisticated consumer a piece of paper that says, I'm suing you, and you owe me $2,630.95 plus interest, what do you think that least sophisticated consumer is going to think that means? That means that she's been sued. Now, the least sophisticated- For what? For $2,600 plus interest. Plus interest. And that's exactly the intent of filing a lawsuit, is to collect $2,600 plus interest. This is not a situation- I mean, we're using- And so then, that's your intent. That's her interpretation. That's what the Fair Debt Collection Practices Act addresses. It does address that. It does address complaints. But here, and I think Chief Judge Batchelder's point is well taken, up until this point, no one has ever said, you're not allowed to do this. But it's not a question of whether there has been rendered a legal opinion that says, you may charge it this way, or you may not charge it this way. The question under the Fair Debt Collection Practices Act is, how does the least sophisticated consumer interpret what is delivered to her door in the way of legal process? That's the claim that she wants to litigate, that you told her, you owe me something, interest, that you don't have a right to collect. And when a consumer receives a complaint, she knows she has redress in the courts. She knows the least sophisticated consumer has been held to be not a dimwit. That's a legal term. I'm not using that colloquially. So the redress is in the courts. She knows, and there's a summons that says, you have 20 days to respond to this. You have to admit or deny the allegations of the complaint. She has redress in the courts. She can hire an attorney. She goes to the courts. There is not a judgment that is automatically entered against her. She has rights. That's what we want to encourage. We want to encourage use of the legal process. We don't want to penalize debt collectors for using the legal process and seeking facially plausible claims for relief, pre-judgment interest. I mean, that's something that every plaintiff's attorney will ask for in a complaint. So your position now, as you get to make that claim, it doesn't, I mean, your response in your papers was that, oh, we weren't claiming that amount of money. It was simply aspirational. So now your position is that it doesn't have to be just aspirational. You get to make that claim. Well, I think when you file a claim with the court, I think it is aspirational. I think you are asking the court to award it. I mean, it's not automatically enforced. You're asking the court to award pre-judgment interest. It's an aspirational request. We definitely claimed it. There's no doubt about it. We asked for pre-judgment interest. I'm taking you way over your head. No, that's OK. I could talk about this all day. Yes, but we can't. I understand that. So your red light is on. Thank you. Thank you very much, Your Honor. I appreciate the opportunity. Judge Batchelder, in response to your question about any law, I mean, I think the liable mechanical case is pretty clear in terms of that absent a contractual rate of interest, you can resort to a statutory rate. I mean, there's no way that portfolio could. My question is, is there any law that that you've waived all interest, that you cannot rely on the statutory rate? Well, I believe that's what the plain language of the statute says. And I believe that's what the liable mechanical says. And it's important to remember that the contractual right never went away. And GE Money Bank had the option, if it wanted to, to charge that interest. I mean, all it had to do was send statements, continue accruing bad debt, and offsetting that debt with reserves. It got positive benefits by ceasing to charge interest. It was a sensible business move. But it could have gotten that interest rate if it wanted to. It chose not to. And it got meaningful consideration for doing so. I don't see how anyone could read the statute and portfolio's position and have full knowledge that there was a 21.99% contractual rate of interest in effect at the time they purchased it, and read the statute and say, hey, because they waived it, we can get that 8%. I just don't see how that they could make that determination in good faith. Really? Yes. I don't. I don't want to think that you're reading the statute in bad faith. But I think there's a pretty good argument that can be made there. I'm not saying that it's right. But I am troubled by the idea that if that were to be the way the statute was interpreted, we'd be reading it in bad faith. Well, all right. Let's look at the flip side. Let's say that the creditor had a contractual rate of less than 8%. Under the district court's reasoning, under Mr. Tucker's argument, that creditor with an interest rate less than the 8%, perhaps 1% or 2%, could waive its contractual right of interest and then start accruing interest at the higher rate of 8%. That makes no sense. That's a violation of contractual rights and the constitutional impairment of contracts. To me, the statute is, the word shall means that once there's a contractual right of interest, the statute just no longer applies. And I think that's what reliable mechanical says, is that absent of contractually agreed upon rate, it doesn't talk about absence of a waiver of contractually agreed upon rate, but absence of a contractually agreed upon rate, you can resort to the statute or a statute for interest. But I don't see how that you can read that statute to say that it's an optional right, that you can waive it and then get the legal interest rate as Judge Stranch went through the scenario of charging, waiving, charging. And it's also a question of notice. I mean, under Kentucky law, the legal right to interest accrues from the date of demand, when it's due and owing. Once it's charged off and GE Money Bank stops charging interest, they're no longer sending statements, which is one of the main reasons why, that they take advantage of the option of waiving contractual right of interest to relieve themselves of that burden. But there's nothing to show that GE Money Bank ever gave Ms. Stratton or anybody else in the class notice that, hey, this is the charged off amount. This is due and paying. We want you to pay it. And that we're going to start charging and accruing interest at the legal rate. And then the question of PRA's right to request prejudgment interest. It's not just a request for prejudgment interest. It's a request for prejudgment interest based at a certain date that's easily calculable sum. It's from a period from the date of charge off, some 13 months before Portfolio ever acquired that debt. And bear in mind that Portfolio paid no more than 4% or 5% for this debt. They paid somewhere around $150 for this debt. But they accrued over $200 in interest from that 13-month period. It doesn't serve any purpose of the statute to allow them to get this kind of windfall. And the evidence is clear based on not only the complaint, but Portfolio's documents that G Money Bank did not accrue or assess any interest during this time period. The amount at charge off was the same amount at the time of sale. They did not purchase. They did not acquire any right, even if the statutory right existed, to accrue interest at that 8%. This is just a complete windfall for Portfolio to create money out of thin air. It shouldn't be allowed. It's the very kind of thing that the FDCPA was enacted to prevent. I mean, Section F1 expressly prohibits a debt collector from attempting or collecting interest to which it has no legal right to recover. That's the basis of our claim. It is, but the concern that I have is at what point you have to determine that it has no legal right to recover it. Because if we were to say, now, I is not correct, and our bad faith reading of the statute is correct, then you don't have a claim at all, right? That's correct. I mean, if I'm wrong about the construction statute, but I mean, there is no case law that says that you can waive and then get the legal right. There is no authority for that whatsoever that I've seen or has been presented to me in Kentucky law. And all the Kentucky statutes all seem to say, case law, I'll say that in the absence of the contractual right, you get the statutory right. That is consistent with my construction of the statute. I don't see anything that would allow the flip side. I mean, and again, if that's the correct reading of 36010, then a creditor with a contractual right of less than 8% can waive its contractual right in order to take advantage of the higher 8%, which just makes no sense. Thank you, counsel. Thank you, your honor. Rebuttal to